[No. 13928.   In Bank. — November 25, 1890.]

WILLIAM S. McKAY, Petitioner, *v.* SUPERIOR COURT OF SANTA BARBARA COUNTY, Respondent.

Appeal from Justice's Court —Dismissal — Jurisdiction of Superior Court — Rules of Court — Certiorari. — The superior court has jurisdiction to adopt and enforce a rule that the record and transcript on appeal from a justice's court must be filed within ten days after the perfecting of the appeal, and that in default thereof the appeal will be dismissed on motion; and its order dismissing an appeal in conformity to such rule cannot be annulled upon *certiorari.*

Certiorari in the Supreme Court to review an order of the Superior Court of Santa Barbara County dismissing an appeal from a justice's court.   The facts are stated in the opinion of the court.

*R. E. Houghton,* for Petitioner.

*W. C. Stratton,* for Respondent.

McFarland, J.—This is an original proceeding in *certiorari*, in this court, to review an order of the superior court dismissing an appeal from a judgment rendered in a justice's court. The theory of the petitioner is, we suppose, that the superior court had no jurisdiction to dismiss the appeal. The code does not prescribe any time within which an appellant from a judgment in a justice's court must file the record on appeal in the superior court. It merely provides that after the filing of the notice of appeal and undertaking, and the settlement of the statement, if any (and in the case at bar there was none), and "on the payment of the fees of the justice," the justice must, within five days, transmit to the clerk of the superior court certain papers which constitute the record. (Code Civ. Proc., sec. 977.) An appellant, therefore, by simply refusing to pay the justice's fees, might indefinitely postpone the presentation of the record in the appellate court, so far, at least, as there is any specific statutory provision on the subject. But section 980 provides that "for a failure to prosecute an appeal, or unnecessary delay in bringing it to a hearing, the superior court, after notice, may order an appeal to be dismissed, with costs." This is a matter which we think the superior court can regulate by reasonable rules; and in the case at bar the superior court (respondent here) had a rule that the record and transcript must be filed within ten days after the perfection of the appeal, and that if not so filed, the appeal might, on motion, with notice, be dismissed. We think that, under section 129 of the Code of Civil Procedure, the court had full power to make this rule. It was not "inconsistent with the laws of the state." In the case at bar the appeal was perfected by filing and serving the notice of appeal, and filing the undertaking on appeal on April 24, 1890; and the transcipt on appeal was not filed in the superior court until May 9, 1890, more than ten days afterwards. For this reason the appeal was, on motion, after notice,

dismissed; and we see no tenable ground for denying the jurisdiction of the court to make the order of dismissal. This view makes it unnecessary to notice the other questions, both of fact and law, raised by respondent.

The prayer of the petitioner is denied, and the writ dismissed.

PATERSON, J., SHARPSTEIN, J., THORNTON J., and FOX. J., concurred.

Rehearing denied.